UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN D. HUNTER, | No. 2:24-cv-02513 SCR P |
| Plaintiff, | |
| v. | ORDER |
| P. REECE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court are plaintiff's complaint for screening (ECF No. 1), applications to proceed in forma pauperis (ECF Nos. 2, 7, 10), and motions to appoint counsel (ECF Nos. 6, 8).

**IN FORMA PAUPERIS APPLICATONS**

Plaintiff has requested leave to proceed without paying the full filing fee for this action. 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's application to proceed in forma pauperis is granted.[1] This means plaintiff is allowed to pay the $350.00 filing fee in monthly installments taken from his trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to CDCR requires monthly

---

[1] The court will grant ECF No. 7 and deny ECF No. 2 as moot. Plaintiff's more recent application, ECF No. 10, is not on the correct form and will also be denied as moot.

1

payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

## LEGAL STANDARDS

### I.     Statutory Screening

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### II.    42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity,

including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

### III.     Linkage

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted).

**PLAINTIFF'S COMPLAINT**

### I.     Factual Allegations of the Complaint

Plaintiff is incarcerated at the California Medical Facility ("CMF") in Vacaville. His complaint names four defendants: (1) P. Reece, correctional officer ("C/O"), sued in his individual capacity; (2) Sgt. C. Roberts, sued in his official capacity; (3) D. Hurtado, ADA Coordinator, sued in his official capacity; and (4) S. Williams, Chief Deputy Warden, sued in her official capacity. (ECF No. 1 at 1-4.)

On August 4, 2023, plaintiff was working as an ADA worker in the CMF's PTU kitchen. (ECF No. 1 at 6.) Defendant Reece approached plaintiff and asked why he was there. Plaintiff said he was assisting inmate #G1636. Defendant Reece asked for plaintiff's ID and told him to leave and that he would receive a 115 if he came back. Plaintiff left the area and never worked there again. (Id.) Defendant Reece nonetheless initiated a rules violation report ("RVR") against Plaintiff for the encounter. Plaintiff filed a grievance challenging the RVR. (Id.)

During the grievance process, plaintiff's "Due Process rights were violated." (ECF No. 1

at 6.) Defendant Reese falsified the RVR report against plaintiff by accusing plaintiff of being out of bounds in an area he didn't belong and misbehaving on the job as an ADA worker. (Id.) Defendant Roberts also violated plaintiff's due process rights on September 6, 2023, during the interview for the 1824 report.[2] (Id.) Plaintiff asked defendant Roberts for a staff assistant, which is his right as a developmentally disabled incarcerated person. Defendant Roberts denied plaintiff a continuance of the interview so he could obtain a staff assistant to help him understand. (Id.)

Defendant Hurtado ignored the fact plaintiff had witnesses to the encounter with defendant Reece. (ECF No. 1 at 6.) He did not ask any questions or have any forms of communication with any of plaintiff's witnesses. Defendant Hurtado also did not send any of plaintiff's grievances to central screening for review. (Id. at 6-7.) Defendant Williams denied plaintiff's appeal. She didn't review plaintiff's evidence and did not interview any of his witnesses. (Id.)

As a result of defendants' actions, plaintiff suffered emotional distress, mental anguish, backpain, sleeplessness, and anxiety. Plaintiff seeks $4 million in "money damages," $3 million in compensatory damages, and $3 million in punitive damages. (ECF No. 1 at 7.)

## DISCUSSION

### I. Fourteenth Amendment Due Process

The court construes plaintiff's complaint as alleging Fourteenth Amendment procedural due process violations against defendants during either the RVR or grievance processes. (See ECF No. 1 at 6.)

#### A. Defendant Reece

Plaintiff alleges defendant Reece issued an RVR that falsely accused plaintiff of being "out of bound[s]" in an area he didn't belong and misbehaving on the job as an ADA worker. (ECF No. 1 at 6.)

##### i. False RVR

Courts have generally found that the issuance of a false RVR does not, in and of itself,

---

[2] A CDCR 1824 form is used by disabled individuals within the California prison system to request a reasonable accommodation.

violate due process. See Harper v. Costa, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), aff'd, 393 Fed. App'x. 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California ... have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983."); see also Muhammad v. Rubia, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), aff'd, 453 Fed. App'x 751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." (citations omitted)).  "These courts have reasoned that the focus of the analysis is on the process required by law and have thus concluded that false accusations do not violate the due process clause of the Fourteenth Amendment so long as the inmate is afforded the procedural protections required by federal law at the disciplinary hearing." Goodwin v. Salagubang, No. 2:18-cv-0363 JAM DMC, 2019 WL 2026507, at *2 (E.D. Cal. May 8, 2019) (collecting cases); see also Muhammad, 2010 WL 12604235, at *3 ("As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983").

A fellow judge of this District reviewed the false RVR line of cases and succinctly restated the thrust of its procedural due process framework as follows: "A false allegation against a prisoner does *not* create a claim so long as … the prisoner receives procedural due process before there is a deprivation of liberty as a result of false allegations[.]" Butts v. Ibarra, No. 1:20-cv-0273 EPG PC, 2020 WL 4676375, at *4 (E.D. Cal. Aug. 12, 2020), report and recommendation adopted, No. 1:20-cv-0273 AWI EPG PC, 2020 WL 6020409 (E.D. Cal. Oct. 9, 2020) (emphasis in original).  A deprivation implicates a protected liberty interest where (1) the conditions of confinement impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or (2) the state action "will inevitably affect the duration of [a] sentence." Sandin v. Conner, 515 U.S. 472, 484, 487 (1995).

Turning to plaintiff's complaint, the undersigned finds that it does not state a cognizable Fourteenth Amendment procedural due process claim against defendant Reece.  The complaint discusses procedural violations during plaintiff's grievance appeal of the allegedly false RVR (see

ECF No. 1 at 6) but does not allege any such violations during a disciplinary hearing on the RVR itself. Nor does the complaint describe any penalties stemming from the RVR, or whether a formal disciplinary hearing on the RVR even occurred.

Accordingly, the complaint fails to state a procedural due process claim against defendant Reece based on his alleged falsified RVR. The court will grant plaintiff an opportunity to amend his complaint and explain the RVR process and outcome of the RVR issued by defendant Reece. The amended complaint should address whether a formal disciplinary hearing occurred and, if so, whether prison officials provided procedural protections during the hearing and whether the hearing resulted in punishment that implicated plaintiff's protected liberty interests.

### ii. Potential Heck-Bar

Plaintiff's challenge to the RVR issued by defendant Reece may also implicate Heck v. Humphrey, 512 U.S. 477 (1994).[3] There, the U.S. Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. Id. at 486-87. This "favorable termination rule" may also apply to prison disciplinary proceedings, including RVR hearings. See Nettles v Grounds, 830 F.3d 922, 929 n.4 (9th Cir. 2016) (en banc) (Heck applies to "administrative determinations," including prison disciplinary actions, "that 'necessarily' have an effect on 'the duration of time to be served.'" (quoting Muhammad v. Close, 540 U.S. 749, 754-55 (2004) (per curiam))).

Because plaintiff's complaint does not detail any RVR proceedings or their outcomes, the undersigned cannot determine at this stage whether plaintiff's claim against defendant Reece is barred by Heck. If plaintiff amends his complaint to challenge an RVR outcome that would necessarily imply the invalidity of his conviction or sentence, plaintiff must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or through some similar proceeding. See Heck, 512 U.S. at 483–87.

---

[3] Although Heck is an affirmative defense, the Prison Litigation Reform Act permits district courts to sua sponte evaluate whether a claim is Heck-barred. See Hebrard v. Nofziger, 90 F.4th 1000, 1006 (9th Cir. 2024) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)).

### B. Official Capacity Defendants

Plaintiff's complaint also alleges that defendants Roberts, Hurtado, and Williams, in their respective official capacities, violated his due process rights during the grievance process. (ECF No. 1 at 6.)

Generally, prisoners do not have a constitutional right to an effective grievance or appeal procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Regardless, because all three defendants are state officials sued in their official capacities for damages (see id. at 2, 4), they are immune from suit under § 1983. See Arizonans for Off. Eng. v. Arizona, 520 U.S. 43, 69 n.24 (1997) ("State officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983."). However, because it appears that plaintiff may be able to plead each defendant's personal participation in handling his grievance, the court will grant plaintiff leave to amend. See Cornel v. Hawaii, 37 F.4th 527, 531 (9th Cir. 2022) ("[P]laintiffs may seek damages against a state official in his personal capacity.").

### II. Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state a valid claim for relief pursuant to the Due Process Clause of the Fourteenth Amendment against any defendant. Plaintiff's claim against defendant Reece fails to state a claim because the complaint does allege any punishment from the allegedly false RVR that impacted his conditions of confinement or affected the duration of his sentence. Nor does the complaint identify any procedural protections denied to plaintiff during the RVR disciplinary proceeding. Further, because defendants Roberts, Hurtado, and Williams are state officials sued in their official capacities for damages, plaintiff's due process claims against them are barred by the Eleventh Amendment. Because of these defects, the court will not order the complaint to be served on defendants.

Plaintiff may try to fix these problems by filing an amended complaint. In deciding whether to file an amended complaint, plaintiff is provided with the relevant legal standards governing amended complaints. See **Attachment A.** Plaintiff is further advised to review the

relevant legal standards discussed above concerning his substantive legal claims.

### III.     Plain Language Summary for Party Proceeding Without a Lawyer

Your complaint will not be served because the facts alleged are not enough to state a claim. Specifically, you did not explain the outcome of the allegedly false RVR issued by defendant Reece, and defendants Roberts, Hurtado, and William cannot be sued for money damages in their official capacities. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay particular attention to the legal standards attached to this order. Be sure to provide facts that show exactly what each defendant did to violate your rights. **Any claims and information not in the amended complaint will not be considered.**

### MOTIONS FOR THE APPOINTMENT OF COUNSEL

Plaintiff has requested the appointment of counsel. (ECF Nos. 6, 8.) In his motions, he explains that he needs help understanding the legal process and proceeding with his case because of his cognitive disabilities and hearing impairments. (Id.) Those motions consist of "Inmate Request for Assistance from the Court" forms that indicate a CDCR Library Technical Assistant ("LTA") assisted plaintiff in the completion of those forms.

District courts lack authority under 28 U.S.C. § 1915 to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Wood, 900 F.2d at 1335; Riley v. Franke, 340 F. Supp. 3d 783, 787 (E.D. Wis. 2018).

Beyond § 1915(e)(1), other sources of law may implicate a request for counsel. For example, appointed counsel may be required in a civil proceeding as an accommodation for a litigant who is disabled. See Franco-Gonzalez v. Holder, No. 10-cv-2211 DMG (DTBx), 2013 WL 3674492, at *3-*9 (C.D. Cal. Apr. 23, 2013) (granting summary judgment to class of mentally disabled individuals in civil immigration proceedings on their request for appointed representatives under Section 504 of the Rehabilitation Act). Due process may also require appointment of counsel in certain proceedings. See Turner v. Rogers, 564 U.S. 431, 444-45 (2011) (analyzing request for appointment of counsel in civil proceeding under the Mathews v. Eldridge, 424 U.S. 319 (1976), procedural due process framework).

It is not lost on the undersigned that an LTA—a CDCR staff member whose function is to aid individuals with disabilities—has already assisted plaintiff with his initial complaint and his requests for appointment of counsel. The LTA's assistance suggests two possibilities, which exist in some tension: (1) the possibility that plaintiff will not be able to prosecute this action without counsel, and (2) the concurrent possibility that existing accommodations available to him may be sufficient to protect his rights. As a result, appointment of counsel may become necessary at some point to ensure that plaintiff can properly frame and prosecute his claims.

However, the appointment of counsel is premature at this precise stage of the proceedings. The deficiencies in plaintiff's complaint described above appear to be fixable. If plaintiff is able to address the defects in his complaint with the further assistance of an LTA, appointed counsel may be unnecessary at the pleading stage of this case. Plaintiff's motions will be denied without prejudice, which means that plaintiff may again seek the appointment of counsel in the future. If plaintiff chooses to amend, the undersigned advises him to consider the standards attached to this order and to do his best in drafting an amended complaint that states cognizable claims for relief.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 7) is GRANTED.

2. Plaintiff's other applications to proceed in forma pauperis (ECF Nos. 2, 10) are DENIED as moot.

    3.    Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

    4.    Plaintiff's motions for the appointment of counsel (ECF Nos. 6, 8) are DENIED without prejudice.

    5.    Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

    6.    Within thirty (30) days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case, **2:24-cv-02513 SCR P**, and must be labeled **"First Amended Complaint."**

    7.    Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

    8.    The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: June 17, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

### I.     Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.