UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADRIAN D. HUNTER,

          Plaintiff,

    v.

P. REECE, et al.,

          Defendants.

No.  2:24-cv-02513 SCR P

ORDER

Plaintiff is incarcerated in state prison and proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Before the undersigned is plaintiff's request to use a lead pencil in legal pleadings (ECF No. 16) and first amended complaint ("FAC") for screening under 28 U.S.C. § 1915A (ECF No. 17).

**STATUTORY SCREENING**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless

1

legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**PLAINTIFF'S FAC**

**I.      Factual Allegations**

Plaintiff is incarcerated at the California Medical Facility ("CMF") in Vacaville. ECF No. 17 at 1. His FAC names P. Reece, a correctional officer at CMF, as the sole defendant. Id.

Plaintiff alleges that on August 4, 2023, at approximately 0700 hours, he was on duty as an "Assistance ADA Inmate" in the PTU kitchen.[1] Id. at 3. An ADA inmate asked plaintiff to assist him with food trays, beverages, and seating. Id. Defendant Reece approached plaintiff and asked what plaintiff was doing here. Plaintiff pointed to the ADA inmate and said he was assisting him. Id. Defendant Reece told plaintiff he was not allowed to work in the area. Id. Plaintiff explained his role as an Assistance ADA Inmate. Defendant Reece began to talk in a fast, low voice that plaintiff could not understand. Plaintiff asked him to repeat and explained that he has a hearing disability and is a CCCMS inmate. Defendant Reece ignored the question

---

[1] Because the kitchen was restricted, the undersigned infers PTU means "Privilege Time Unit." See Cal. Code Regs., tit. 15, § 3044 (Incarcerated Person Work Groups and Privilege Groups).

and asked plaintiff for his ID and work cards.  He wrote down plaintiff's information and left.  Id.

Defendant Reece issued plaintiff a rules violation report ("RVR") for violation of Cal. Code Regs., tit. 15, § 3015(a) (presence in area that is out of bounds).  ECF No. 1 at 4.  Plaintiff alleges the RVR was false because he was doing his job duty as an ADA worker, and violated his rights under the First, Eighth, and Fourteenth Amendments, as well as the Americans with Disabilities Act.  Id.  Plaintiff further states the RVR was later dismissed.  Id.  By way of relief, he requests $10 million in damages and an unspecified reasonable accommodation.  Id. at 5.

## LEGAL STANDARDS

### I.    42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law.  42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes.  Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

### II.    Linkage

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury."  Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted).

////

////

////

3

**DISCUSSION**

**I.     Fourteenth Amendment Due Process**

Courts have recognized limited circumstances in which allegations of a false RVR may state a claim for relief: (1) the RVR hearing violated procedural due process; (2) the defendant made false allegations in retaliation for the plaintiff exercising his constitutional rights; or (3) the false statement was used to subject the plaintiff to a criminal proceeding, in accordance with Devereaux v. Abbey, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc).  Butts v. Ibarra, No. 1:20-CV-00273 EPG PC, 2020 WL 4676375, at *6 (E.D. Cal. Aug. 12, 2020), report and recommendation adopted, No. 1:20-CV-00273 AWI EPG PC, 2020 WL 6020409 (E.D. Cal. Oct. 9, 2020).  The undersigned does not construe plaintiff's FAC as alleging that defendant Reece's actions were retaliatory or subjected him to a criminal proceeding.  Therefore, the undersigned will review plaintiff's claim pursuant to procedural due process under the Fourteenth Amendment.

Courts have generally found that the issuance of a false RVR does not, in and of itself, violate due process.  See Harper v. Costa, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), aff'd, 393 Fed. App'x. 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983."); see also Muhammad v. Rubia, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), aff'd, 453 Fed. App'x 751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.") (citations omitted).  "A false allegation against a prisoner does *not* create a claim so long as … the prisoner receives procedural due process before there is a deprivation of liberty as a result of false allegations[.]"  Butts, 2020 WL 4676375, at *4 (emphasis in original).  A deprivation implicates a protected liberty interest where (1) the conditions of confinement impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or (2) the state action "will inevitably affect the duration of [a] sentence."  Sandin v. Conner, 515 U.S. 472,

4

484, 487 (1995).

Turning to the FAC, Plaintiff's allegation that the RVR was dismissed alleviates any concern the claim is be barred by Heck v. Humphrey, 512 U.S. 477 (1994). See Tompkins v. Thomas, No. 1:22-CV-01415-JLT-EPG (PC), 2024 WL 1908104, at *9 (E.D. Cal. May 1, 2024) (plaintiff barred under Heck from pursuing a § 1983 claim "unless and until the RVR has been invalidated."), report and recommendation adopted, No. 1:22-CV-1415 JLT EPG (PC), 2024 WL 2883402 (E.D. Cal. June 7, 2024). However, the FAC does not describe an RVR hearing or any penalties stemming from the RVR that would potentially implicate a deprivation of liberty. All plaintiff has alleged is that he received a false RVR, which, standing alone, is insufficient to state a claim for violation of due process.

The undersigned will grant plaintiff another opportunity to amend his complaint and explain the RVR process and outcome of the RVR issued by defendant Reece. The amended complaint should address whether a formal disciplinary hearing occurred and, if so, whether prison officials provided procedural protections during the hearing and whether the hearing resulted in punishment that implicated plaintiff's protected liberty interests.

**II.      Americans with Disabilities Act**

Plaintiff also alleges that defendant Reece's actions violated his rights under the ADA. Based on plaintiff's requested equitable relief of a reasonable accommodation, the undersigned construes this claim as alleging that defendant Reece denied plaintiff a reasonable accommodation under Title II of the ADA, 42 U.S.C. § 12131 et seq.

Title II of the ADA applies to persons incarcerated within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir.1997). To state a claim for violation of Title II of the ADA, a plaintiff must allege four elements:

> (1) [H]e is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by

5

reason of [his] disability.

O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060 (9th Cir. 2007); see also Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir. 2001).

"A disability discrimination claim may be based on 'one of three theories of liability: disparate treatment, disparate impact, or failure to make a reasonable accommodation.'" Payan v. Los Angeles Community College Dist., 11 F.4th 729, 738 (9th Cir. 2021).  In contrast to a Title II disparate impact claim, which "is focused on modifying a policy or practice to improve systemic accessibility," a Title II "reasonable accommodation claim is focused on an accommodation based on an individualized request or need[.]" Id.  In addition, "[t]o recover monetary damages under Title II of the ADA . . . a plaintiff must prove intentional discrimination on the part of the defendant." Duvall, 260 F.3d at 1138.

Title II applies only to state and local government entities, not individuals like defendant Reece.  See 42 U.S.C. § 12131(1).  Because courts must construe pro se prisoner pleadings liberally, United States v. Seesing, 234 F.3d 456, 462 (9th Cir. 2000), the undersigned construes this claim to have been brought against defendant Reece in his official capacity.  See Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187 (9th Cir. 2003) ("[A] named officer in her official capacity represents . . . a "public entity" under Title II.").

As to the elements of an ADA claim, plaintiff adequately alleges he has a hearing disability and the undersigned infers from his incarcerated status that he is otherwise qualified for CMF's services, programs, or activities.  However, it is not clear what actions by defendant Reece plaintiff maintains constitute a denial of reasonable accommodations.  For instance, since the FAC labels the ADA claim as "False RVR," ECF No. 1 at 3-4, is plaintiff's theory that the false RVR itself violated the ADA?  If so, how?  Or is plaintiff's theory that defendant Reece's failure to speak up after plaintiff alerted Reece to his hearing disability denied plaintiff effective communication access?  The undersigned is left to guess, which in turn suggests that the FAC does not give defendant Reece fair notice of the factual basis for the ADA claim against him.

For this reason, the FAC does not state an ADA Title II claim against defendant Reece. Plaintiff will be given an opportunity to amend this claim.  He must plead additional factual

6

allegations to minimally inform the Court and defendant Reece of the nature of his ADA claim.

### III.    Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state a valid claim for relief pursuant to the Due Process Clause of the Fourteenth Amendment or Title II of the ADA against defendant Reece.  Plaintiff's due process claim fails because he has not alleged that any punishment or penalties resulted from the allegedly false RVR.  Plaintiff's Title II claims fails because he does not adequately allege what actions by defendant Reece denied him a reasonable accommodation or otherwise violated his ADA rights.  Because of these defects, the court will not order the complaint to be served on defendant.

Plaintiff may try to fix these problems by filing an amended complaint.  If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must specifically identify how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  See Local Rule 220.  This is because, as a general rule, an amended complaint replaces the prior complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012).  Therefore, in an amended complaint, every claim and every defendant must be included.

### REQUEST TO USE LEAD PENCIL

Plaintiff's request to use lead pencil due to the prohibited status of ink pens in his facility is granted.  Plaintiff may use any writing tool of his choice as long as he drafts his amended complaint and other filings in legible handwriting.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to use a lead pencil to file legal pleadings (ECF No. 16) is GRANTED.

2.  Plaintiff's FAC fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

3.  Within sixty (60) days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of The Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case, **2:24-cv-02513 SCR P**, and must be labeled **"Second Amended Complaint."**

4.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: June 22, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

8