UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN D. HUNTER,<br>Plaintiff,<br>v.<br>P. REECE, et al.,<br>Defendants. | No. 2:24-cv-02513 SCR P<br><br>ORDER |

By order dated June 23, 2026, the undersigned determined Plaintiff's first amended complaint ("FAC") failed to state any cognizable claims for relief and granted Plaintiff 30 days to file a second amended complaint. ECF No. 19. On June 25, 2026, Plaintiff filed a motion for extension of time. Plaintiff requests that the Court appoint him an attorney as a reasonable accommodation under the Americans with Disabilities Act ("ADA") and states that this case should effectively be stayed until he receives an attorney. ECF No. 20. Plaintiff also attached documents verifying the existence of learning disabilities related to reading, writing, and understanding. Id.

The undersigned denied Plaintiff's first motion for appointment of counsel in June 2025, explaining that such voluntary appointment was "premature at this precise stage of the proceedings" and that "[t]he deficiencies in plaintiff's complaint . . . appear to be fixable." ECF No. 11 at 9. The same remains true today. Plaintiff adequately alleged most elements of an ADA

in his FAC but did not adequately explain what Defendant Reece did to violate the ADA:

> [I]t is not clear what actions by defendant Reece . . . constitute a denial of reasonable accommodations. For instance, since the FAC labels the ADA claim as "False RVR," . . . is plaintiff's theory that the false RVR itself violated the ADA? If so, how? Or is plaintiff's theory that defendant Reece's failure to speak up after plaintiff alerted Reece to his hearing disability denied plaintiff effective communication access? The undersigned is left to guess, which in turn suggests that the FAC does not give defendant Reece fair notice of the factual basis for the ADA claim against him.
>
> [….]
>
> Plaintiff's [ADA claim] fails because he does not adequately allege what actions by defendant Reece denied him a reasonable accommodation or otherwise violated his ADA rights.

ECF No. 19 at 6-7. Based on the FAC's detailed explanation of other relevant facts, including Plaintiff's role as an Assistance ADA worker and the events in the prison kitchen leading up to his RVR, the undersigned believes that Plaintiff can file an amended complaint that clarifies how Defendant Reece violated the ADA.

Accordingly, the undersigned will grant Plaintiff's motion for an extension of time and give him 60 additional days to file an amended complaint. The undersigned encourages Plaintiff to explain, to the best of his ability, what Defendant Reece did to him that violated the ADA. However, the undersigned will not put the case on hold pending the appointment of counsel.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time (ECF No. 20) is GRANTED.

2. Within sixty (60) days from the date of service of this order, plaintiff may file an amended complaint. The amended complaint must bear the docket number assigned this case, **2:24-cv-02513 SCR P**, and must be labeled **"Second Amended Complaint."**

3. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

////

4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: September 2, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE